UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WORLDWIDE EXECUTIVE JOB SEARCH
SOLUTIONS, LLC, et al,

    Plaintiff,

v.

NORTH BRIDGE GROUP, et. al,

    Defendants.

Civil Action No.: 17-cv-1907 -PGS-LHG

MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to remand this case to state court (ECF No. 10).

Plaintiff argues that Defendant's Notice of Removal, was improperly filed on March 22, 2017, after the 30-day deadline for removal as set forth in 28 U.S.C. § 1446(b)(1) had passed. (*See* Pls. Br. at 7; ECF. No. 10-1.) Plaintiff argues that, because the Complaint was filed on February 6, 2017, Defendant was required to remove the action within 30 days of that date. *Id.* The following are facts relevant to this motion.

On February 6, 2017 Plaintiff filed a Complaint in the Law Division of the Superior Court of New Jersey, Hunterdon County, and Defendants were served on that date. The Complaint contains four counts against Defendant: 1) defamation (libel), 2) tortious interference with contractual relations, 3) tortious interference with prospective economic advantage, and 4) demand for permanent injunctive relief. (*See* Compl. ¶ 42-62; ECF No. 1-1.)

Following review of Plaintiff's Complaint, on March 7, 2017, Defendant requested a written statement of damages, pursuant to New Jersey Court Rule 4:5-2, in order to ascertain the amount in controversy. (Defs. Br. at pg. 1; ECF No. 12.) On March 8, 2017, Plaintiff provided a

statement of damages to Defendant, claiming damages of $4,500,000. (Pls. Br. at pg. 7.)

On March 22, 2017, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. § 1441(a), based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). (Defs. Br. at pg. 1.) Federal jurisdiction based on diversity is undisputed by the parties. Plaintiff filed the current motion seeking to remand the matter back to New Jersey State Court. (Defs. Br. at pg. 1.) Plaintiff allege that Defendant's removal was untimely, as it was filed more than 30 days after Defendants were first served with the Complaint. (Pls. Br. at pg. 7.)

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant may file a notice of removal of a civil court action, within 30-days from its receipt of the Complaint. This general rule allows for an exception, 28 U.S.C. § 1446(b)(3), establishing that, where the initial pleadings was not removable, the 30-day timeline will be triggered by a defendant's receipt of an amended pleading or a document "from which it may be first ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

The main issue in this case is whether the 30 day removal clock required by 28 U.S.C. § 1446 started running on February 6, 2017 when Defendant received the initial Complaint or on March 8, 2017 when Defendant received the statement of damages claiming $4,500,000.

Because this action was originally filed in Superior Court, New Jersey State Court rules initially governed the pleadings. N.J. Ct. R. 4:5-2 states, "[i]f unliquidated money damages are claimed in any court . . . the pleading shall demand damages generally without specifying the amount. N.J. Ct. R. 4:5-2. Although the Complaint did not plead a specific amount of damages, it still complied with the state rules.

Nevertheless, for Federal Courts to have jurisdiction of civil actions between citizens of different states, the amount in controversy must exceeds exceed $75,000. *See* 28 U.S.C. §

2

1332(a)(1). Since the Complaint failed to state an amount, it is unclear whether the amount-in-controversy requirement was evident in Plaintiff's pleadings.

New Jersey District Court judges have applied two approaches in resolving matters such as the present one. *Buchanan v. Lott*, 255 F. Supp. 2d 326, 329-30 (D.N.J. 2003). The Third Circuit has not endorsed either standard. *Romano v. Wal-Mart Stores E.*, LP, No. CV 16-7420, 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017).

The first approach holds that if a Complaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000. *Vartanian v. Terzian*, 960 F. Supp. 58, 61-62 (D.N.J. 1999). The *Vartanian* court relied on Third Circuit authority, which states, "the relevant test is not what the defendants purportedly knew, but what [the pleadings or other documents] said." *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 968 F.2d 48, 54 (3d Cir. 1993), overruled on other grounds, *Sikrica v. Nationwide Ins. Co.,* 416 F.3d 214 (3d Cir. 2005).

Because there is an inherent tension between the federal court's reliance upon demands in pleadings and the New Jersey court rule prohibiting pleadings from specifying a dollar amount for unliquidated damages, *Vartanian* also relied on a Fifth Circuit rule. *Vartanian*, 960 F.Supp. at 61. The Fifth Circuit uses a bright-line rule that states that, a plaintiff who wishes to trigger the 30-day removal clock mandated by 28 U.S.C. § 1446 must include in the initial pleading a statement that damages are "in excess of the federal jurisdictional amount." *Chapman v. Powermatic Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). *Vartanian a*dopted this approach, holding that if a plaintiff did not include such an allegation in the complaint, and nothing else in the complaint indicated that the amount in controversy exceeds $75,000, the 30-day clock does not begin to run until the

defendant receives a document noting the damages, as outlined by 28 U.S.C. § 1446(b)(3). *Vartanian*, 960 F.Supp. at 62. In summary, if the plaintiff "does not or cannot plead damages in a specific dollar amount but wishes the 30-day period to run from the defendant's receipt of the initial pleading, the plaintiff must place in the initial pleading a specific allegation that damages exceed the minimum federal jurisdictional amount." *Id.* at 61-62.

The second approach holds that even if the complaint does not include specific damages, the time for removal begins to run from the filing date of the Complaint so long as the defendant "can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Air Lines, Inc.*, 7 F.Supp.2d 516, 521 (D.N.J. 1998).

Based on the Complaint's indiscernible damages amount, this Court finds the approach in *Vartanian* to be most appropriate. Despite Plaintiffs characterizing this as a minority approach, this is the one utilized by the majority of Federal Courts of Appeals. Although the Third Circuit has not ruled definitively on this issue, it has recognized that the majority of the other Circuit Courts have concluded that the "30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Judson v. Travelers Prop. Cas. Co. of Am.,* 773 F.3d 495, 509 n.13 (3d Cir. 2014) (quoting *Walker v. Trailer Transit, Inc*., 727 F.3d 819, 824 (7th Cir. 2013)).

Precedent shows that this assessment is true and that the majority of United States courts of appeals have applied the first approach. *See Moltner v. Starbucks Coffee Co*., 624 F.3d 34, 38 (2d Cir. 2010) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."); *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 690-91 (9th Cir. 2005) ("the ground for removal must be revealed

affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."); *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 393, 399 (5th Cir. 2013) (citing *Chapman v. Powermatic, Inc*., 969 F.2d 160 (5th Cir. 1992)) (clock begins running only when initial pleading "affirmatively reveals on its face" that the plaintiff seeks damages sufficient for federal-court jurisdiction).

Plaintiff points to several statements within the Complaint when arguing that Defendant should have been aware that the damages would exceed $75,000. (Pls. Br. at pg. 10.) For example, the Complaint pleads that Defendant published nine blog posts over a period of four months. (Compl. ¶ 19.) In addition, the Complaint describes that the alleged defamatory comments included accusations that Plaintiff was operating a multi-million-dollar scam (Compl. ¶ 32), false claims that major credit card companies had cancelled merchant relationships with Plaintiff (Compl. ¶ 25-26), and false claims that credit card companies were providing refunds to Plaintiff's clients without disputing chargeback requests (Compl. ¶ 35-36).

Furthermore, Plaintiff argues that the Complaint alleges the "nature and severity of the injuries suffered by Plaintiffs" pointing to the alleged publication of the false statements which "damaged and continues to damages the reputation of [Plaintiff's] business and the personal reputation of Chrest" (Compl. ¶ 46), led to "great attrition of existing customers and has witnessed a drastic decline in the number of new customers visiting its business" (Compl. ¶ 47). In addition, the Complaint pleads that Defendant's actions caused Plaintiff to suffer damages "in the way of lost customers and lost revenues caused by client chargebacks," (Compl. ¶ 52), and has caused Plaintiff to be deprived of expected revenues through lost new customers and through decreased renewal of existing customer contracts (Compl. ¶ 57).

Relying on these portions of the Complaint, Plaintiff makes the conclusory statement that

these pleadings "would lead any reasonable legal reader to conclude that the damages sought by Plaintiff exceeded the $75,000.00 threshold for federal diversity jurisdiction." (Pls. Br. at 11.) This Court disagrees.

When a defendant seeks removal, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Penn v. Wal-Mart Stores, Inc.*, 116 F.Supp.2d 557, 562 (D.N.J. 2000). Defendant in this case argues that, if they had attempted to remove the case prior to receiving the statement of damages, based solely on the language of the Complaint, they would not have been able to meet this preponderance of the evidence standard. (Defs. Br. at 7.) Specifically, Defendant argues that none of the facts in the Complaint pertaining to Plaintiff's business reveals any information about the amount of monetary damages Plaintiff suffered. (*Id.* at 7-9.) For example, there is no information in the Complaint pertaining to the "value of Plaintiff's business, the value and worth of Plaintiff's client contracts, the number of lost existing customers, the number of lost new customers or the value of lost revenue." *Id.* at 9.

Applying the *Vartainian* approach, we find that Plaintiff's Complaint did not sufficiently inform Defendant that the claims exceeded the required amount in controversy, therefore the 30-day removal clock did not start until Defendant received the Statement of Damages. Defendant received this document on March 8 and subsequently filed a Notice of Removal on March 22, 2017. (Defs. Br. at 1.) This occurred fourteen days after being alerted that the amount in controversy exceeded the amount required for federal jurisdiction, and thus was within the window of removal.

**ORDER**

This matter is before the Court on Plaintiff's motion to remand Plaintiff's complaint; and for the reasons set forth above and for good cause having been shown;

IT IS on this 27th day of November, 2017;

ORDERED that Plaintiff's motion to remand (ECF No. 10) is denied.


    *s/Peter G. Sheridan*
    PETER G. SHERIDAN, U.S.D.J.